STATE OF NORTH CAROLINA v. BOBBY JR. WHITE.

(Filed 12 April, 1967.)

1. Assault and Battery § 14—

Evidence tending to show that defendant committed an apparently unprovoked assault upon the prosecuting witness, using a knife some seven inches long, inflicting wounds about the head, face and neck, one of which extended from the back of the neck to the point of his chin and was some one-half inch deep at places, *is held* sufficient to show that the knife was a deadly weapon, notwithstanding the absence of evidence of the length of the blade, and to show that the knife was used with intent to kill, and that defendant inflicted serious injury not resulting in death, G.S. 14-32, and nonsuit of the felony charge was properly denied.

2. Criminal Law § 86—

A defendant who is a prisoner and against whom a detainer had been filed requesting that he be held to answer the pending charge is entitled under the provisions of G.S. 15-10.2, to trial within eight months after he has sent written notice to the solicitor of the place of his confinement and request for final disposition of the criminal charge, but defendant may not claim the benefit of this statute when defendant gives notice to the clerk of the Superior Court and not to the solicitor, and the solicitor receives no notice of defendant's request.

APPEAL by defendant from *Martin, S.J.,* January 1967 Session, WATAUGA Superior Court.

The defendant, Bobby Jr. White, was indicted by the Watauga County Grand Jury at the January 1965 Term. The bill of indictment charged that on September 19, 1964 the defendant committed a felonious assault on Joe Bost with a deadly weapon, to wit, a knife, with intent to kill, inflicting serious injury not resulting in death.

Upon a showing of indigency, the Court appointed Mr. J. E. Holshouser, Sr. to represent the defendant.

The Court records show this case was continued until the January 1967 Session, when it was tried. The evidence disclosed that during a dance at the Ski Lodge, the defendant struck the prosecuting witness, Joe Bost, with metallic knucks, knocking him down.

The defendant followed up his apparently unprovoked attack by assaulting Bost with a knife, described by a witness as 7 inches long. The defendant ran from the scene. The knife wounds were about the head, face and neck. Some of the wounds were ½ inch deep. The injuries required hospitalization and 64 stitches to close the wounds.

The jury returned a verdict of guilty as charged. The Court imposed a prison sentence of 7 years, to begin at the expiration of a sentence of 10 years for housebreaking imposed by Judge Gambill at the September 1965 Session of Rowan Superior Court. The defendant excepted and appealed.

*T. W. Bruton, Attorney General, Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*J. E. Holshouser, Sr., for defendant appellant.*

HIGGINS, J. The defendant has raised a number of objections to the trial. For example, he contends the knife with which the cutting wounds were inflicted was not shown to be a deadly weapon; and the evidence was insufficient to show intent to kill. The evidence disclosed the knife was 7 inches long. While the blade length is not given, one of the wounds extended from the back of the neck to the point of the chin. It was ½ inch deep at places. This wound was of sufficient depth, seriously to have endangered the victim's life. The evidence was sufficient to support the finding the knife was a deadly weapon. Likewise, the evidence was sufficient to support the finding the defendant used it with intent to kill and that he inflicted serious injuries not resulting in death. Motion for nonsuit of the felony charge was properly denied. G.S. 14-32; *State v. Jones,* 258 N.C. 89, 128 S.E. 2d 1.

Counsel for defendant, realizing his objections to the trial are technical and not too impressive, urgently insists, however, that the defendant is entitled to his release because of failure of the State to bring him ". . . to trial within eight (8) months after he shall have caused to be sent to the solicitor of the court in which said criminal charge is pending, by registered mail, written notice of his place of confinement and request for final disposition of the criminal charge against him, . . ." as provided in G.S. 15-10.2.

The defendant offered evidence tending to show, and the Court found, that after the bill of indictment was returned the Court caused to be filed with the prison authorities a detainer requesting the defendant, then a prisoner, be held to answer the charge then pending in Watauga County. On January 8, 1966 the defendant wrote to the Clerk of the Superior Court of Watauga County requesting

he be returned to that county for trial as provided in G.S. 15-10.2. The Court's Finding of Fact No. 7 is here quoted:

"That defendant has never sent to the Solicitor of this District, by registered mail, a written notice, pursuant to G.S. 15-10.2; and never had sent a certificate from the Director or Prisons to the Solicitor of this District, pursuant to G.S. 15-10.2."

The primary purpose of G.S. 15-10.2 is to provide a prisoner with a means by which he may require the State to try all the criminal charges against him to the end that he and the authorities may know the full extent of his debt to society for his criminal activities; and that he may plan for his release when the debt has been satisfied. The presence of a detainer in his prison files jeopardizes his chances for parole, for proper good behavior credits, and for work release.

The defendant did not follow the requirement of the statute by making his demand upon the Solicitor by registered letter. The Solicitor lived in a distant county. He did not receive the notice. A registered letter is required to the end that the situation here described may be avoided.

The record does not warrant interference with the verdict and judgment.

No error.