STATE OF NORTH CAROLINA v. JAMES FRANKLIN O'KELLY III

No. 71

(Filed 15 May 1974)

1. **Constitutional Law § 30— speedy trial — factors in determining abridgment of right**
   The determination whether the constitutional right of a speedy trial has been violated involves the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial and prejudice resulting to the defendant from the delay.

2. **Constitutional Law § 30— availability of witnesses — delay in trial — right to speedy trial denied**
   Defendant's right to a speedy trial was violated where defendant petitioned for a speedy trial on the grounds that four witnesses material to his defense were then available, but they were itinerant workers and their continued availability was extremely doubtful, the State failed to call the case for trial promptly and offered no explanation for the delay, and defendant then moved for dismissal, indicating what testimony the witnesses would have given and the unavailability of the witnesses at that time.

THE defendant, James Franklin O'Kelly, appealed from a two to one decision of the Court of Appeals filed Feburary 20,

State v. O'Kelly

1974 (20 N.C. App. 661, 202 S.E. 2d 482) finding no error in the defendant's trial and conviction in the Superior Court of UNION County upon an indictment charging felonious house-breaking and larceny. The indictment was returned at the August 1972 Session, UNION Superior Court. At the time the indictment was returned, the defendant was serving a sentence of 25 to 30 years in the State's prison for an unrelated offense.

In September, 1972, the defendant filed a written petition with the resident judge, sending a copy to the solicitor, asking for a trial at the October Session, Union Superior Court. The petition, as grounds for the speedy trial, alleged that four witnesses material to his defense were then available; that they were itinerant workers and their continued availability was extremely doubtful.

The State failed and refused to call the case against the defendant for trial as he had petitioned. On June 5, 1973, he filed a motion to dismiss for failure of the State to afford him his constitutional right to a speedy trial.

At the hearing on his motion the defendant offered evidence in substance as follows: Ann Green, a friend of the defendant, testified that she had talked with Freddie McCrorie and William Cook who were working with defendant at a time and place which would have rendered it impossible for him to have been at the Pennigar house at the time of the break-in. She had also talked with Phillis Deaton and Shirley Hoglen who were present when the defendant purchased the stolen goods from a third party. She testified she had interviewed the foregoing persons who agreed to appear and testify for the defendant. These witnesses were available in the Fall of 1972. They were gone at the time of the trial and she and the defendant's mother have been unable to locate them. The defendant offered subpoenas for the four witnesses which have been returned unserved.

The State did not offer any evidence by way of explanation or excuse for failure to try the defendant within a reasonable time.

The court, after hearing on the motion to dismiss, found these facts:

"7. That sometime in late January or early February of 1973 witnesses moved out of the State of North Carolina and their whereabouts are no longer known by the defend-

ant. That the defendant's mother and one Miss Ann Green have continuously looked for witnesses since they left the State of North Carolina and have exhausted all possible means of finding their present whereabouts . . . .

"8. That subpoenas issued by the Clerk of Superior Court of Union County for four witnesses were returned unserved by the Sheriff of Mecklenburg County, such subpoenas being issued on the 7th day of May, 1973, and returned on the 9th day of May, 1973, and such subpoenas being marked 'Moved New Address Unknown' or 'Not Found Within Mecklenburg County.' That such witnesses lived within Mecklenburg County from the period of August, 1972, to January, 1973.

\* \* \* \* \*

"11. That the defendant has been incarcerated in Central Prison since approximately August 20, 1972, and has not been able to make contact with the four witnesses personally."

The court concluded:

"2. That the delay occasioned by the failure of the State to bring the defendant to trial until the week of June 4, 1973, [the date of the motion] did not prejudice the defendant's ability to present defenses in his behalf.

\* \* \* \* \*

"4. That the delay is not violative of the defendant's right to a speedy trial under the Sixth and Fourteenth Amendments to the U. S. Constitution."

The State, notwithstanding the defendant's motion to dismiss, brought the defendant to trial at the July 30, 1973 Special Criminal Session, Union Superior Court. He was unable to locate any of the witnesses who would have been available had he been given a speedy trial as he had requested.

The jury returned verdicts finding the defendant guilty of felonious housebreaking and larceny.

On the charge of felonious housebreaking, the court imposed a prison sentence of five years to begin at the expiration of the sentence he is now serving. On the charge of larceny, the court imposed a sentence of five years to begin at the expiration of the sentence for housebreaking.

The defendant excepted and appealed.

*Robert Morgan, Attorney General by R. Bruce White, Jr., Deputy Attorney General and Guy A. Hamlin, Assistant Attorney General, for the State.*

*L. Stanley Brown for defendant appellant.*

HIGGINS, Justice.

By the present appeal, the defendant challenges the refusal of the court to grant his motion to dismiss the charges on the ground his constitutional rights to a speedy trial had been denied. At the hearing on the motion to dismiss, the record shows conclusively that the defendant was in no way responsible for the delay, but was insisting on a speedy trial for fear delay would rob him of witnesses material to his defense.

The State did not see fit to offer explanation or excuse for the delay. If witnesses die or disappear during a delay, the prejudice is obvious. *Smith v. Hooey,* 393 U.S. 374, 21 L.Ed. 2d 607, 89 S.Ct. 575 (1969) ; *U. S. v. Ewell,* 383 U.S. 116, 15 L.Ed. 2d 627, 86 S.Ct. 773 (1966). "A convict, confined in the penitentiary for an unrelated crime, is not excepted from the constitutional guarantee of a speedy trial of any other charges pending against him. . . . A defendant who has been indicted is in a position to demand a speedy trial." *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274.

[1] The determination whether the constitutional right of a speedy trial has been violated involves four main factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) prejudice resulting to the defendant from the delay. *State v. Brown,* 282 N.C. 117, 191 S.E. 2d 659, (citing nine cases in support). See also *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed. 2d 101, 92 S.Ct. 2182 (1972).

[2] The court's findings of fact Numbers 7, 8 and 11, in the light of the authorities cited, offer ample support for and require the conclusion that the defendant's rights to a speedy trial were denied him. The trial court's conclusions of law Numbers 2 and 4 are without support either in the evidence or in the findings.

In *State v. Wheeler,* 249 N.C. 187, 105 S.E. 2d 615, this Court disposed of a problem similar to that now before us.

State v. O'Kelly

"We have admiration and respect for the able and pains-taking judge who conducted the post conviction hearing in this case. However, on the record as it comes to us we are unable to join in the view that the petitioners' constitutional rights have been afforded them. We think the records and his own findings require decision to the contrary."

We now hold the decision of the Court of Appeals find-ing no error in the trial was erroneous and must be reversed. The cause will be remanded to the Superior Court of Union County with direction that the judgments against the defendant be vacated, the verdicts set aside and the charges be dismissed.

Reversed.