State v. Watts

---

---

STATE OF NORTH CAROLINA v. JOHNNY FORD WATTS

No. 7426SC1025

(Filed 5 March 1975)

**Criminal Law § 91— written request for trial by prisoner — trial within eight months**

   The trial court properly denied defendant's motion to dismiss the charges against him on the ground that he was not brought to trial within eight months after he sent written notice to the solicitor by registered mail requesting final disposition of the charges pursuant to G.S. 15-10.2 where the court found upon supporting evidence that the only registered mail received by the solicitor in the matter was mailed only some 2½ months prior to the trial.

APPEAL by defendant from *Chess, Judge.* Judgment entered 28 August 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 February 1975.

Defendant was charged in bills of indictment with armed robbery and assault with a deadly weapon with intent to kill

inflicting serious injury. He pleaded not guilty to both charges and was tried before a jury. Evidence for the State tended to show that on 14 June 1973, at approximately 7:00 p.m., defendant entered the Little General Store on West Sugar Creek Road in Charlotte. He pointed a shotgun at the clerk, Annie Ruth Chalmers, and demanded money. After Miss Chalmers had gotten about $53.00 out of the cash register, defendant shot her in the abdomen and fled with the money.

Defendant testified that he had never been in the store, had never seen the clerk, and did not rob or shoot her. The jury found him guilty as charged. From judgment imposing a prison sentence, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge, for the State.*

*John R. Ingle for defendant appellant.*

ARNOLD, Judge.

On 4 September 1973, while he was in prison in Union County, a detainer was served on defendant in connection with the instant case. He now assigns as error the State's failure to bring him to trial "within eight (8) months after he shall have caused to be sent to the solicitor of the court in which said criminal charge is pending, by registered mail, written notice of his place of confinement and request for final disposition of the criminal charge against him, . . . " as required by G.S. 15-10.2. A *voir dire* hearing was held on defendant's motion to dismiss on this ground. Defendant's evidence tended to show and the trial court found that a letter postmarked 10 June 1974 was the only registered mail received by the solicitor in the matter. The court then concluded that defendant was not entitled to dismissal under G.S. 15-10.2. Since defendant failed to comply with the statute, this assignment of error is overruled. *See State v. White,* 270 N.C. 78, 153 S.E. 2d 774 (1967).

Defendant also assigns error in the trial court's charge to the jury. It is well settled that the charge of the court will be construed contextually, and, when it is correct as a whole, isolated portions will not be held to be prejudicial. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970); *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966). The court fully defined the elements of the offenses charged: armed robbery and assault with a

deadly weapon with intent to kill inflicting serious injury. The court then instructed on the elements of the lesser included offense of assault with a deadly weapon inflicting serious injury. Viewing the charge as a whole, we find it to be clear and complete. The jury could not have been misled as to any elements to be proved by the State before they could find defendant guilty as charged.

We have carefully reviewed the record and find no error prejudicial to defendant.

No error.

Judges BRITT and MORRIS concur.