STATE OF NORTH CAROLINA v. FRANKLIN WRIGHT

No. 7524SC782

(Filed 4 February 1976)

1. **Constitutional Law § 29— absence of Negroes from jury panel — failure to conduct hearing**

   The trial court did not err in failing to conduct a hearing and make findings of fact upon defendant's motion to dismiss the jury panel for the reason that there were no Negroes on the panel since defendant's motion raised no question of systematic and arbitrary exclusion of Negroes and the fact that no Negroes were drawn for jury duty for the particular session of court did not constitute a *prima facie* showing of systematic and arbitrary exclusion of Negroes from jury duty.

2. **Constitutional Law § 30— request for disposition of detainer charges — failure to comply with statute**

   Defendant's letter to the clerk of superior court requesting disposition of charges which were the basis of a detainer did not comply with the provisions of G.S. 15-10.2, and defendant is not entitled to relief under that statute, where he failed to send the letter by registered mail to the district attorney, failed to give notice of his place of confinement, and failed to include a certificate from the Secretary of Correction.

3. **Constitutional Law § 30— 17 months between indictment and trial — speedy trial**

   Defendant was not denied his constitutional right to a speedy trial by a delay of 17 months between his indictment and trial where defendant was serving a prison sentence for another charge during such time, only four one-week criminal sessions were held in the county between the session at which defendant was indicted and his trial, counsel was appointed for defendant at the first such session, defense counsel made no request for a speedy trial, defendant's case was not reached at earlier sessions because cases of persons in the county jail were disposed of first, and defendant contended he had lost contact with witnesses but failed to show the names of such witnesses, any efforts to contact them or what their testimony would have been.

APPEAL by defendant from *Martin (Harry C.), Judge.* Judgment entered 19 May 1975 in Superior Court, WATAUGA County. Heard in the Court of Appeals 21 January 1976.

Defendant was charged in a bill of indictment, proper in form, with the felonious breaking or entering of a restaurant in Blowing Rock, North Carolina, and with the felonious larceny of approximately $600.00 therefrom. The jury found defendant guilty as charged. Judgment of imprisonment for a term of not less than three nor more than five years was en-

tered to commence at the expiration of two ten-year sentences imposed in Wake County on 17 December 1973.

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Robert H. West, for the defendant.*

BROCK, Chief Judge.

[1] By his first assignment of error defendant argues that the trial judge should have conducted a hearing and made findings of fact upon his pre-trial motion to dismiss the jury panel for the reason that there were no Negroes on the panel. Defendant, a Negro, asserts that the fact there were no Negroes on the jury panel before the court creates a *prima facie* showing of discrimination in the selection of jurors and that the burden was on the State to offer evidence to overcome this *prima facie* showing, or his motion should be allowed. "A defendant has no right to be tried by a jury containing members of his own race or even to have a representative of his own race to serve on the jury." *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974). Although a defendant has the right to be tried by a jury from which members of his own race have not been systematically and arbitrarily excluded, the defendant in this case does not challenge the system under which the jurors were drawn. He merely moved to dismiss the jury panel because there were no Negroes on the panel drawn for the session of court. Such a motion raises no question of systematic and arbitrary exclusion of Negroes, nor does the fact that no Negroes were drawn for jury duty for the particular session of court constitute a *prima facie* showing of systematic and arbitrary exclusion of Negroes from jury duty. There was no need for a hearing or for findings of fact upon defendant's motion. This assignment of error is without merit and is overruled.

By his second assignment of error defendant argues that the trial judge committed error in overruling his pre-trial motion to dismiss the charges against him for failure of the State to grant him a speedy trial.

The offense alleged in the indictment against defendant occurred on or about 23 August 1973 in Watauga County. On 7 September 1973 defendant was arrested on an unrelated charge in Franklin County. While in jail in Franklin County, he was served with the warrant in this case on 5 October 1973.

Thereafter defendant was transferred to Wake County where he was held for trial on two unrelated charges. On 13 November 1973, while incarcerated in jail in Wake County awaiting trial, defendant mailed a handwritten motion for a speedy trial to the Clerk of Superior Court, Watauga County. On 17 December 1973 defendant was sentenced in Wake County to two ten-year terms of imprisonment.

Watauga County is primarily a peaceful rural mountain county. Although Appalachian State University is located in Boone, and some of the county is devoted to resort communities, historically Watauga County has not been in need of extended sessions of Superior Court for the trial of criminal cases.

During the calendar year 1974 there were only three regularly scheduled sessions of Superior Court in Watauga County for the trial of criminal cases; i.e., January, April, and September. Each of these was a one-week session. The bill of indictment in this case was returned a true bill by the grand jury at the January 1974 session. Defendant was transported to Watauga County for the April 1974 session, at which time counsel was appointed for him. There has been no proper request for a speedy trial since counsel was appointed in April 1974. From the argument of counsel it appears that defendant's case was calendared for the September 1974 session but that he was not tried at that session.

During the calendar year 1975, prior to defendant's trial, there were only two regularly scheduled sessions of Superior Court in Watauga County for the trial of criminal cases; i.e., January and March. Each of these was a one-week session. From the argument of counsel it appears that defendant's case was calendared for trial at both the January and March session but that he was not tried. Due to a backlog of felony cases, two one-week special sessions of Superior Court for the trial of criminal cases were scheduled for Watauga County; i.e., during the weeks of 12 May 1975 and 19 May 1975. Defendant was tried during the week of 19 May. Upon the call of his case for trial, defendant moved to dismiss the charges for failure to grant a speedy trial. The denial of this motion is the subject of defendant's second assignment of error.

It is common knowledge that the district attorney properly first disposes of cases wherein the accused is incarcerated in the county jail awaiting trial. Apparently this was the pro-

cedure followed by the district attorney serving Watauga County. In so doing, at each session the session expired before defendant's case could be reached. Defendant was in custody of the Department of Correction serving two ten-year prison sentences. He was not incarcerated in the county jail awaiting trial. Nowhere does defendant suggest that the district attorney failed to try all of the cases during the intervening sessions that time would permit.

The foregoing resume concerning Watauga County and the sessions of Superior Court there for the trial of criminal cases is, of course, not dispositive of defendant's claim that he was denied a speedy trial. Those things are pointed out merely for the purpose of placing in perspective defendant's alleged denial of a speedy trial and the opportunity the State had to bring him to trial.

[2] Although defendant offered no evidence to show that a detainer had been filed with the Wake County authorities by Watauga County while defendant was being held for trial in Wake County, his argument suggests that such was the case. Defendant's argument suggests that the detainer was the reason for his letter to the Clerk of Superior Court, Watauga County, in November 1973 requesting a speedy trial. However, defendant's letter requesting a speedy trial did not comply with the provisions of G.S. 15-10.2. For example, he failed to send the letter by registered mail to the district attorney; he failed to give notice of his place of confinement; and he failed to include a certificate from the Secretary of Correction. Having failed to follow the provisions of the statute, defendant is not entitled to the statutory relief. *State v. White,* 270 N.C. 78, 153 S.E. 2d 774 (1967).

[3] Defendant argues nevertheless that he has been denied a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States, which is made applicable to the States by the Due Process Clause of the Fourteenth Amendment. *See Klopfer v. North Carolina,* 386 U.S. 213, 18 L.Ed. 2d 1, 87 S.Ct. 988 (1967). Defense counsel acknowledges that the four-pronged test for determining whether an accused has been denied his Sixth Amendment right to a speedy trial as announced in *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed. 2d 101, 92 S.Ct. 2182 (1972), was adopted in North Carolina about seven years before *Barker* by the opinion in *State v. Hollars,*

266 N.C. 45, 145 S.E. 2d 309 (1965). Therefore the test in *Barker* is not new to the jurisprudence of North Carolina.

"Whether a speedy trial is afforded must be determined in the light of the circumstances of each particular case . . . Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of the delay, the reason for the delay, the prejudice to defendant, and waiver by defendant." *State v. Hollars, ibid.*

The length of delay between indictment and trial in this case was from January 1974 to May 1975, a period of approximately seventeen months. While a delay of seventeen months should be avoided if possible, it is not such a delay that on its face shocks one's sense of fairness. Although a convict in the penitentiary is entitled to the constitutional protection of a speedy trial, in determining the effect of the length of delay in trial, it must be noted that such a person is not deprived of the freedom an acquittal would bring to a person being held in jail only for the purpose of awaiting trial.

With respect to the reason for the delay, it must be noted that the delay of seventeen months occurred in a county which historically has not required many sessions of Superior Court for the trial of criminal cases in order to retain a current docket. As noted earlier, it is not suggested by defendant that the district attorney failed to utilize all of the time of the few trial sessions available to him. Also, as noted earlier, there is nothing in this record to suggest that defense counsel made a request for a speedy trial from the time he was appointed to represent the defendant in April 1974 nor that an opportunity for trial was available to the district attorney had such a request been made.

With respect to the prejudice to the defendant, it is noted that defendant testified at the May 1975 session in support of his motion to dismiss because of denial of a speedy trial. He has failed to show by his motion or testimony in what manner he has been prejudiced. In his motion to dismiss defendant stated: "That due to this time period of NINETEEN (19) months, the defendant have (sic) lost all contact with important witnesses to his defense, from them moving out of State and can't be contacted." In his testimony defendant stated: "The reason why I filed a motion for dismissal is because I wanted witnesses, you know, called in my behalf, and due to the time

limit, the witnesses done (sic) moved away and can't be contacted because I don't even try to contact them, you know." These statements are completely unsupported by any evidence of efforts to contact witnesses, by evidence of subpoenas issued for witnesses, by evidence of the witnesses' names, or what testimony such witnesses would be in position to give. Also it is noted that the State's witness Bruce Johnson, with whom defendant claimed to have been living while in Watauga County, was available for information concerning witnesses' names and whereabouts. The record shows no effort by defendant to obtain information from Bruce Johnson. In his testimony on defense at his trial, defendant recalled that at the time of the offense he was visiting a girl he knew in Blowing Rock. He has shown no effort to secure her testimony at trial. We are unable to determine in what way defendant was prejudiced with respect to witnesses and his ability to prepare his defense.

We do not feel that the facts in this case require a discussion of whether defendant to some extent may have waived his right to a speedy trial. We note however that his letter requesting a speedy trial was written at a time before he had been indicted in Watauga County and at a time when he was being held in the Wake County jail awaiting trial on charges arising in Wake County. The letter was addressed to the clerk of court and not to the district attorney or the judge. Immediately after his indictment he was taken to Watauga County where counsel was appointed to represent him, and no further request for a speedy trial has been shown.

In view of all the circumstances of this case, and applying the four balancing tests which weigh the conduct of both the prosecution and the defendant, we are compelled to the view that defendant has not been deprived of a speedy trial in contravention of his Sixth Amendment right.

No error.

Judges PARKER and ARNOLD concur.