STATE OF NORTH CAROLINA v. WILLIAM EARL McKOY

No. 7610SC1041

(Filed 1 June 1977)

**1. Constitutional Law § 50— speedy trial — violation of right — factors to consider**

The determination whether the constitutional right to a speedy trial has been violated involves four main factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) prejudice resulting to the defendant from the delay.

**2. Constitutional Law § 54— speedy trial — absence of witness — no abridgement of right**

Defendant's contention that he was prejudiced by the twenty-two month delay of his trial for the reason that an allegedly crucial witness became unavailable is without merit, since defendant stated a desire to have as witnesses either four or five people who were present at or about the time of the killing; all of those witnesses except one were present at the trial and it is doubtful that the missing witness's testimony would have helped defendant; and there was no showing that the witness was available seven months after the date of the crime or at any time thereafter.

**3. Criminal Law § 91— setting of trial date — oral requests insufficient**

Oral requests for the setting of a trial date made by defendant's counsel to the district attorney were not sufficient to entitle defendant to a dismissal under the provisions of G.S. 15-10.2(a), since that statute requires that such requests be sent to the district attorney by registered mail.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 11 August 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 10 May 1977.

In a bill of indictment returned in February 1975 defendant was charged with the murder of James Franklin Lee (Lee) on 12 October 1974. He was placed on trial for second-degree murder and pled not guilty.

Before the case was called for trial, the court conducted a hearing on defendant's motion to dismiss for failure of the State to provide him with a speedy trial. The court denied the motion and further facts pertaining thereto are hereinafter set forth.

Evidence presented by the State is summarized in pertinent part as follows:

Edmond Gibson testified: Around 11:00 or 12:00 o'clock on the day in question he, defendant, Lee and several others were at defendant's apartment in Raleigh. An argument developed between defendant and Lee; defendant slapped Lee after which Lee went to his girl friend's house and returned with a gun. While Lee was gone defendant borrowed a gun. When Lee returned to defendant's apartment defendant ordered him to halt and to leave by the count of ten. Anna Wright began counting and when she reached eight or nine, defendant shot Lee. Gibson could not see whether Lee, before he was shot, attempted to draw his gun out of his waistband where it was hidden under his shirt.

Charles Goodwin testified: He saw the shooting, did not see Lee attempt to draw his gun, and saw Lee's gun still in his waistband after he fell.

Mary Virginia Justice Watson testified: When Lee re-entered defendant's house, defendant said he would blow Lee's head off and told Anna Wright to start counting. When Anna reached eight, she (Watson) ran out of the room and did not see the shooting.

Detective D. R. Turnage testified: He heard the witnesses Watson and Goodwin make statements regarding the shooting soon after it occurred and their statements made then were the same as those given at trial. Anna Wright was also indicted for murder but the charge against her was dismissed.

Dr. Gordon LeGrand testified that the victim died from a gunshot wound to his head; that the victim was wearing a turtleneck shirt at the time his body was examined the day after the shooting.

Defendant presented no evidence.

The jury found defendant guilty of voluntary manslaughter and from judgment imposing prison sentence of 18 years, he appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Ragsdale, Liggett & Cheshire, by Joseph B. Cheshire V and William J. Bruckel, Jr., for defendant appellant.*

BRITT, Judge.

By the first assignment of error argued in his brief defendant contends the trial court erred in denying his motion to dismiss because of the State's failure to afford him a speedy trial.

On the question of speedy trial, the record discloses:

The alleged offense occurred on 12 October 1974 and indictment was returned in February 1975. A warrant was issued for defendant on 12 October 1974 and he was arrrested six days later. At the time of the alleged offense, defendant was on parole from a sentence previously imposed following his conviction of involuntary manslaughter. Shortly after his arrest on 18 October 1974 his parole was revoked.

In a letter to the Clerk of the Superior Court of Wake County, from the supervisor of combined records at Central Prison, dated 25 April 1975 and acknowledging receipt of a detainer on defendant, the court was advised that the approximate release date of defendant from the 7-10 year sentence he was then serving would be 6 April 1979. The letter further stated that defendant had an additional sentence of three years which would terminate on 19 May 1981.

On 22 January 1976 defendant's present counsel filed an affidavit and a motion to dismiss, the contents of which are summarized in pertinent part as follows: He was appointed to represent the indigent defendant in November 1974. The case was scheduled for trial on 2 June 1975 but was continued on motion of the State. Defendant's counsel made oral requests to the district attorney for a new trial date on three occasions in June 1975, on two occasions in July 1975, and again in August, September, October and December of 1975. Defendant's parole in a former case had been revoked because of his arrest in this case and he has done nothing to delay the trial of this case. Defendant's counsel has been unable to locate four material witnesses, namely, Charles Goodwin, Edmond Gibson, Mary Virginia Justice and Clare Jones. Defendant has been prejudiced

by the delay of his trial and asks that the charges against him be dismissed or, in the alternative, that if his witnesses can be located that he be given an early trial.

On or about 19 February 1976 defendant filed a motion for a material witness order for the four witnesses named above and for Anna Wright. At the same time he filed a request and motion for voluntary discovery and a motion for examination of witnesses. On 27 February 1976 Judge McKinnon entered an order granting most of the relief requested in these motions.

On 3 March 1976 Judge McKinnon entered an order denying defendant's motion to dismiss but "without prejudice to the defendant's right to show new circumstances when the case is calendared for trial." He further ordered that the case be calendared for trial at or before the 3 May 1976 session of the court.

On 8 June 1976 defendant filed another motion to dismiss or, in the alternative, for a speedy trial.

On 9 August 1976 Judge McLelland conducted a hearing on defendant's motion to dismiss, following which he entered an order summarized in pertinent part as follows: The case was calendared for trial on 12 April 1976 but was not called, defendant's counsel not being available for trial. During the month of June, Judge McKinnon extended the time for trial specified in his order of 30 (sic) March 1976. The trial was next calendared for the 9 August 1976 session and all of the witnesses alleged to be material, except Anna Wright, are available. Although Anna Wright is regarded by defendant as a material and crucial witness, there is no showing that she was not available at the 12 April 1976 session and there is no sufficient showing that she is a crucial witness. Judge McLelland concluded that Judge McKinnon's order regarding a trial date had not been violated, that the delay in defendant's trial date had not been unreasonable, and that defendant had not been prejudiced by the delay; he denied the motion to dismiss.

[1] It is now firmly established that the determination whether the constitutional right to a speedy trial has been violated involves four main factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) prejudice resulting to the defendant from the delay. *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659

(1972) ; *State v. O'Kelly,* 285 N.C. 368, 204 S.E. 2d 672 (1974). *See also Barker v. Wingo,* 407 U.S. 514, 33 L.Ed. 2d 101, 92 S.Ct. 2182 (1972).

**[2]** While the length of delay in absolute terms is never *per se* determinative, admittedly a delay of 22 months, as in this case, could contravene the right to a speedy trial under some circumstances, and such delay should be avoided if possible. *State v. Brown, supra.* It appears that defendant's primary contention is that he was prejudiced by the delay of his trial for the reason that Anna Wright, a crucial witness, became unavailable.

It is noted that in his 22 January 1976 motion to dismiss defendant did not list Anna Wright as a witness material to his defense. He did include her name in his February 1976 motions.

At the hearing on his motion to dismiss before Judge Mc-Lelland defendant called as a witness Attorney Wade Smith who represented defendant for several months following his arrest. Mr. Smith testified that he talked with Anna Wright during that time and that she told him she was living with defendant on the day of the shooting; that when Lee returned to defendant's apartment "the word was out" that he had a gun; that defendant gave Lee ten seconds to get out of his apartment and told her to start counting; that while she was counting, Lee "stuck his hands up in his coat" and defendant shot him.

The State countered Smith's testimony with that of Detective Turnage. He testified that he talked with Anna Wright on the day of the killing and again on 21 October 1974. On the former date she gave him very little information. On the latter date she stated, among other things, that while she was counting as directed by defendant and reached eight or nine, defendant shot Lee; that defendant then threw the gun he had on the couch and left; that she at no time stated that she saw Lee "stick his hand up in a coat as if to get a gun." Turnage further testified that he went to the scene of the killing immediately after it happened; at that time he found Lee lying on his face in a pool of blood directly under his head; that Lee did not have a coat on his person at that time and there was no coat in the immediate vicinity of the body.

We think Judge McLelland's conclusion that defendant failed to show prejudice by the unavailability of Anna Wright

State v. McKoy

at the trial is fully supported by the evidence. Furthermore, the record indicates that Anna Wright could not be located in May 1975 or at anytime thereafter.

Defendant relies very heavily on *State v. O'Kelly, supra.* We think the facts in that case clearly distinguish it from the case at hand. In *O'Kelly,* in September 1972 the defendant, who was charged with felonious housebreaking and larceny, filed a written petition asking for a trial at the October 1972 session of the court. As grounds for a speedy trial, the petition alleged that four witnesses material to the defense were then available; that they were itinerant workers and their continued availability was extremely doubtful. The State failed to call the case for trial as requested and on 5 June 1973 defendant filed a motion to dismiss for failure of the State to afford him a speedy trial. At the hearing on his motion defendant offered evidence tending to show that the four witnesses in question were very material to his defense and were no longer available. The trial court denied the motion to dismiss, defendant was placed on trial in July 1973, none of the four witnesses could be found and defendant was convicted. The Supreme Court held that the trial court erred in not granting the defendant's motion to dismiss.

In the case at hand defendant stated a desire to have as witnesses either four or five people who were present at or about the time of the killing. It appears that all of those witnesses except Anna Wright were present at the trial and that it is very doubtful that her testimony would have helped defendant. Furthermore, there was no showing that Anna Wright was available in May of 1975 or at any time thereafter.

[3] By the other assignment of error argued in his brief defendant contends the trial court erred in denying his motion to dismiss when the trial was held more than 16 months after the detainer was filed and more than 14 months after demand for speedy trial was made upon the district attorney, in violation of G.S. 15-10.2.

G.S. 15-10.2(a) provides in pertinent part:

"Any prisoner serving a sentence or sentences within the State prison system who, during his term of imprisonment, shall have lodged against him a detainer to answer to any criminal charge pending against him in any court within the State, shall be brought to trial within eight

months after he shall have caused to be sent to the district attorney of the court in which said criminal charge is pending, *by registered mail,* written notice of his place of confinement and request for a final disposition of the criminal charge against him; . . . . " (Emphasis added.)

The record does not disclose that defendant ever made a request for trial "by registered mail" as required by the quoted statute. In *State v. White,* 270 N.C. 78, 153 S.E. 2d 774 (1967), the defendant did not make his request for trial by registered mail to the district attorney but instead he sent a letter to the clerk of the superior court. The Supreme Court held that there was not sufficient compliance with the statute to entitle the defendant to a dismissal. *See also Farrington v. State of North. Carolina,* 391 F. Supp. 714 (M.D.N.C. 1975).

We hold that the oral requests which defendant's counsel in the case at hand made to the district attorney were not sufficient to entitle defendant to a dismissal under the provisions of the quoted statute. We hold that the trial court did not err in denying defendant's motion to dismiss.

In defendant's trial and the judgment entered, we find

No error.

Judges PARKER and MARTIN concur.