STATE OF NORTH CAROLINA v. DENNIS WATT LOCKLEAR

No. 8412SC1106

(Filed 15 October 1985)

1. **Arrest and Bail § 3.5— probable cause to arrest for possession of burglary tools**

   An officer had probable cause to arrest defendant for possession of burglary tools when he found defendant in a truck behind a closed grocery store in the dark of night, observed pry-marks on the rear door of the store, found frozen meat in the truck bed stamped with the lot number of a cold

storage market, and observed bolt cutters, a flashlight and a tire iron in the passenger compartment of the truck. Therefore, items seized from defendant's truck were not obtained as the result of an illegal arrest.

**2. Larceny § 8.4— instructions on recent possession doctrine**

Defendant was not prejudiced by the trial court's refusal to give defendant's requested instruction on the doctrine of recent possession that defendant must have had possession of the stolen property under such circumstances as to make it unlikely that he obtained possession "by any other way than by committing the offenses of breaking or entering and larceny with which he is charged" rather than the instruction given that he must have had possession under such circumstances "as to make it unlikely that he obtained possession honestly."

APPEAL by defendant from *Johnson, E. Lynn, Judge*. Judgments entered 3 May 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 August 1985.

Defendant was convicted of three counts of felonious breaking and entering, three counts of felonious larceny, five counts of feloniously breaking or entering a motor vehicle, and five counts of misdemeanor larceny. He was initially arrested for possession of burglary tools and a search made pursuant thereto led to the other charges and convictions. Before trial defendant moved to suppress the evidence so obtained, and at a hearing on this motion the evidence presented tended to show the following:

About 5 o'clock on the morning of 6 December 1983 a Cumberland County Deputy Sheriff patrolling in his car observed a lighted pickup truck parked behind a Food Lion grocery store in Hope Mills. As he approached the truck pulled off and the deputy, observing pry-marks on the rear door of the store and suspecting that a break-in had occurred or been interrupted, followed the truck until it pulled into the driveway of a residence. On the way the deputy radioed the truck's license number to the Sheriff's Department and was told that it was issued to defendant. After the truck stopped the deputy approached it on foot and saw an open cooler in the rear bed of the truck which contained paper covered packages, one of which was stamped "Bladen Cold Storage, lot number 4724." He asked the Sheriff's Department by radio to check the lot numbers for a theft complaint and then questioned defendant as to the route taken and his purpose. Defendant told him that the drive behind the Food Lion store was a short cut to where he was going and he was at the residence in-

volved to do some work for its owner. In plain view in the passenger compartment of the truck the deputy saw some bolt cutters, a flashlight, and a tire iron, and he arrested defendant for possession of burglary tools. After the arrest the deputy and another officer searched the truck and found numerous articles that had been stolen earlier that night from several different structures and motor vehicles situated in different parts of the county. The stolen articles so found included a chain saw, an air pressure tank, a rod and reel, a case of oil, a pellet gun, several packages of frozen meat, a cassette recorder, two cartons of cigarettes, a tool box, various articles of clothing, several tools of different kinds, about twenty pints of apple butter, a bolt cutter, a shotgun, and a Rockwell electric saw. It was ascertained later that the Food Lion store had not been broken into and none of the stolen articles came from there, though there was a pry-mark of uncertain age on the store's back door, as the deputy had observed. After finding facts somewhat as stated above, the court concluded that the officer had probable cause to arrest the defendant and refused to suppress the evidence involved.

*Attorney General Thornburg, by Assistant Attorney General William N. Farrell, Jr., for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

PHILLIPS, Judge.

[1]  By his first assignment of error defendant contends that the trial court erred in denying his motion to suppress the evidence seized from his pickup truck following his arrest for possessing burglary tools. The question raised is whether the arrest, which was the basis for the search, was without probable cause in violation of the Fourth Amendment of the United States Constitution. Probable cause to arrest a person requires circumstances sufficient to cause a reasonable and prudent law enforcement officer to believe in good faith that a crime is being or has been committed and that the person arrested is the offender. *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973). We believe, as the trial judge held, that there was probable cause to arrest the defendant for possession of burglary tools and this assignment is overruled. Defendant's presence behind the closed grocery store

in the dark of night with a truck; the pry-marks on the store's rear door indicating a possible break-in; the frozen meat in the truck bed stamped with the apparent lot number of a cold storage market; along with the implements suitable for accomplishing a burglary in the front of the truck combined to indicate that defendant unlawfully possessed burglary tools and had recently used them.

[2] By his only other assignment of error defendant contends that the trial court committed prejudicial error by refusing to charge as he requested on the doctrine of recent possession. In instructing the jury on this doctrine the court in pertinent part stated that for the doctrine to apply the State had to prove beyond a reasonable doubt: (1) That property allegedly stolen was stolen; (2) that the defendant was in possession of that same property; and (3) "that the defendant had possession of this same property so soon after it was stolen and under such circumstances as to make it unlikely that he obtained possession honestly." This instruction, which tracks Crim. Sec. 104.40 of the North Carolina Pattern Jury Instructions (1977), was approved by this Court in *State v. O'Kelly*, 20 N.C. App. 661, 202 S.E. 2d 482, *rev'd on other grounds*, 285 N.C. 368, 204 S.E. 2d 672 (1974), on the authority of *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968), and various other decisions cited therein. The modification that defendant requested in lieu of the phrase "as to make it unlikely that he obtained possession honestly" would have instructed the jury that:

> And third, that the defendant had possession of this property so soon after it was stolen and under such circumstances as to make it unlikely that he obtained possession *by any other way than by committing the offenses of breaking or entering and larceny with which he is charged.*

While the "honestly obtained" part of the charge that was given is neither a helpful nor a necessary accretion to the doctrine of recent possession—the effect and purpose of which is to prove not that a defendant obtained goods dishonestly but that he stole them—which should be eliminated from the pattern instructions, in our opinion, in the context of this case we do not believe that the defendant was prejudiced by it. And though defendant's requested instruction could have been properly given, we do not believe that the court's failure to give it affected the outcome of the case.

No error.

Judges WELLS and WHICHARD concur.